Michael Kind, Esq.
Nevada Bar No.: 13903
KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Helen Fein*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Helen Fein,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Check City Partnership, LLC,<br><br>　　　　　Defendant. | Case No: 2:17-cv-01835<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. § § 1692 et seq.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Helen Fein ("Plaintiff"), by counsel, brings this action to challenge the actions of Check City Partnership, LLC ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

5. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction); *see Stewart v. Dollar Loan Ctr., LLC*, No. 2:13-CV-182 JCM-PAL 2013 U.S.Dist.LEXIS 71157 (D.Nev. May 17, 2013).

7. This action arises out of Defendant's violations of NRS 604A.415 and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

8. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State as a domestic corporation and conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Clark County, Nevada.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

**PARTIES**

10. Plaintiff is a natural person who resides in Clark County, Nevada.

11. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

12. Upon information and belief, Defendant is, and at all times mentioned herein was, a limited-liability company doing business in Nevada, registered with the Nevada Secretary of State.

13. Upon information and belief, Defendant's website is http://www.checkcity.com.

14. According to Defendant's website, Defendant "offers payday loans, cash advances, [and] many other financial services."

15. Defendant is a corporation organized in the State of Nevada, registered with the Nevada Secretary of State as a corporation and doing business in the State of Nevada.

16. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

17. Sometime before May 12, 2017, John Doe (whose name is unknown), incurred certain financial obligations to Defendant (the "debt").

18. Upon information and belief, the debt was a "high interest loan" as defined by NRS 604A.0703 because they bore an annual percentage rate of more than 40 percent.

19. At that time, Defendant was a "Licensee" under NRS 604A.075 because it was required to have a license to operate its high-interest loan service.

20. At no time did Plaintiff owe Defendant any money.

21. Nevertheless, on May 12, 2017, Defendant began to call Plaintiff's cellular telephone in an attempt to collect the debt.

22. Under NRS 604A.415(1), a debt collector "must not violate . . . the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act."

23. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

24. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt by repeatedly calling Plaintiff to collect debt when Plaintiff did not owe Defendant any money.

25. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

26. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the Debt in the collections letter by misleading Plaintiff into believing that she owed the debt.

27. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against the Plaintiff which could not be legally taken in connection with its collection calls to Plaintiff.

28. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed various false representations and deceptive means in connection with the collections letter in an attempt to collect a debt.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions. Defendant thereby violated NRS 604A.415.

30. Plaintiff is entitled to damages as a result of Defendant's violations.

31. Plaintiff has suffered mental anguish and emotional distress and has been required to retain counsel to protect her legal rights to protect herself against Defendant's collection efforts and to prosecute this cause of action.

### COUNT ONE
### NRS 604A.415(1)

32. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

33. Under NRS 604A.415(1), a debt collector "must not violate . . . the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act."

34. Defendant's conduct violated NRS 604A.415(1) because its actions described above constituted numerous violations of the FDCPA.

35. Plaintiff is entitled to actual and consequential damages under 604A.930(1)(a), punitive damages under 604A.930(1)(b), reasonable attorney's fees and costs under 604A.930(1)(c) and any other legal or equitable relief that the court deems appropriate under 604A.930(1)(d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- Actual and consequential damages under 604A.930(1)(a);
- Punitive damages under 604A.930(1)(b);
- Reasonable attorney's fees and costs under 604A.930(1)(c); and

- Any other legal or equitable relief that the court deems appropriate under 604A.930(1)(d)
- Any other relief that this Court deems just and proper.

## JURY DEMAND

36. Pursuant to the seventh amendment to the Constitution of the United States of America, and the Constitution of the State of Nevada, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 5th day of July 2017.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Michael Kind
    Michael Kind, Esq.
    7854 W. Sahara Avenue
    Las Vegas, NV 89117
    *Attorneys for Plaintiff*